UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRANCE CRAWFORD, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 3:04cv0173 AS |
| | ) | |
| CITY OF SOUTH BEND, | ) | |
| and SGT. SCOTT D. HANLEY, | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM OPINION AND ORDER*

The complaint in this case was originally filed in the St. Joseph Superior Court in St. Joseph County, Indiana and was removed under 28 U.S.C. §1441.  The defendants filed a motion for summary judgment on or about October 3, 2005, and this court held a hearing in South Bend, Indiana on January 19, 2006 on the aforesaid motion for summary judgment filed under Rule 56, Federal Rules of Civil procedure (Fed.R.Civ.P.).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998).  *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324  (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998).  A question of material fact is a question which will be outcome determinative of an issue in the case.  The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248.  Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.*  The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994);  nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).  Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55.  Applying the above standard, this Court addresses defendants' motion.

In that proceeding, this court granted the lawyers for the parties until March 1, 2006 to file supplemental briefs. That day has come and gone and no such supplemental briefs had been filed. As far as the City of South Bend is concerned, this plaintiff is hard pressed to get around *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). In like vein, parallel considerations would exist under *Canton v. Harris*, 489 U.S. 378 (1989). *See also  City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). *Estate of Moreland v. Dieter*, 395 F.3d 747 (7th Cir. 2005) is most instructive here. Thus, the motion for summary judgment as against the City of South Bend is now **GRANTED**. In that regard, it is necessary to be reminded that the immunity generally existing under the Eleventh Amendment of the Constitution of the United States is <u>not</u> a basis for granting summary judgment against this municipal corporation. The basis on which the City of South Bend is entitled to summary judgment also will apply to claims against Sgt. Scott D. Hanley in his <u>official</u> capacity only. Thus, what remains are claims against Sgt. Hanley in his <u>individual</u> capacity only.

This court is very hard pressed to find qualified immunity in favor of Sgt. Hanley under *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) and *Saucier v. Katz*, 533 U.S. 194 (2001). It must be, however, candidly admitted that *Saucier* presents a much closer question. It also must be candidly admitted that the very recent decision of *Mustafa v. City of Chicago*, No. 05-2101 (7th Cir. March 23, 2006), although born in a slightly different context, might be enough to make a better argument for qualified immunity for Sgt. Hanley. However, this court is reluctant to make that major jump and to bottom a grant of immunity to this police

3

officer on that basis.  With all deference, it is doubtful that the reasoning and result in

*Tennessee v. Garner*, 471 U.S. 1 (1985) compels the grant of summary judgment on the claim

against Sgt. Hanley.  Even understanding that there is a so-called reasonableness standard

under *Graham v. Connor*, 490 U.S. 386 (1989) also precludes that determination here.  The

plaintiff makes a point that there is a fact-specific inquiry appropriate here under *Graham* as

well as *Phillips v. Milwaukee*, 123 F.3d 586 (7th Cir. 1997).  To some limited extent, in this

constitutional tort case it can also be said that the police office takes his-her victims as he

finds them.  Although he may not have been put on any notice of Mr. Crawford's physical

and medical conditions, to some limited extent he may have taken Mr. Crawford as he found

him.  Although the case is very close, this court cannot here absolutely say as a matter of law

that the use of the Taser did not  amount to excessive conduct under the Fourth Amendment.

That issue must be tried carefully, understanding the functions of the court and a jury as the

trier of fact, but it cannot be completely decided here and now as a matter of law.

    This court has taken the trouble to look closely at *Brownell v. Figel*, 950 F.2d 1285

(7th Cir. 1991), a case that emanated from this district, and it must be said that the factual

setting in *Brownell* is somewhat if not significantly different than that outline here.  The

factual setting of *Phillips*, 123 F.3d at 586, is much closer to those here.  It also must be

understood that much of the focus in *Phillips* was state law claims under the law of

Wisconsin.  To that extent, the record here differs.  The focus here is on claims under 42

U.S.C. §1983 focusing on alleged violations of the Constitution of the United States.  The focus is not on violations of the law of Indiana.

There is enough, but only barely enough, evidence for these claims to go to trial against Sgt. Hanley as the sole defendant.  This case appears to be in the hands of a highly qualified mediator and counsel are now strongly advised to return to the mediator as soon as possible before this case is set for trial.  Given this court's criminal docket, a trial cannot be scheduled until the early part of 2007.  Thus, summary judgment is **GRANTED** to the City of South Bend and reluctantly **DENIED** as against Sgt. Scott D. Hanley.  The Clerk shall enter judgment accordingly.  **IT IS SO ORDERED**.

**DATED:**  March 28, 2006

          _____S/ ALLEN SHARP_____
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**